## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| **SHARON HARRISON** | ) | |
| | ) | |
| **Plaintiff,** | ) | Cause No.: |
| v. | ) | |
| | ) | |
| **WAL-MART, INC.** | ) | |
| Serve: Registered Agent: | ) | |
| C T Corporation | ) | |
| 208 So. Lasalle Street, Suite 814 | ) | |
| Chicago, Illinois 60604 | ) | |
| | ) | **JURY TRIAL DEMANDED** |
| **Defendant.** | ) | |

## COMPLAINT

COMES NOW Plaintiff Sharon Harrison ("Plaintiff") by and through her counsel of record, The Cagle Law Firm and for her respective cause of action against Defendant Wal-Mart, Inc. ("Defendant"), and states to this Honorable Court as follows:

### Parties

1. Plaintiff is, and at all times herein relevant, a resident and citizens of the State of Illinois.

2. Defendant is incorporated in the State of Delaware with principal place of business located at 702 SW 8th Street; Bentonville, Arkansas and thus a citizen of Delaware and Arkansas.

3. Defendant maybe served by through registered agent C T Corporation located at 208 So. Lasalle Street, Suite 814; Chicago, State of Illinois 60604.

## Jurisdiction & Venue

4. Defendant is subject to the jurisdiction of this Court pursuant to 28 U.S.C. § 1332 because this is a civil action between citizens of different states and the matter in controversy exceeds $75,000.00.

5. Defendant is subject to personal jurisdiction of this Court by virtue of the fact Defendant did and/or does business in the State of Illinois and committed torts in whole or in part in the State of Illinois against Plaintiff, in this judicial district, as more fully set forth herein.

6. Venue is proper in this Court pursuant to 28 U.S.C. § 1391. The events give rise to this claim occurred in DuPage County, State of Illinois which is in the judicial district for the United States District Court for the Northern District of Illinois.

## COUNT I
## (Negligence)

7. On or about November 26, 2019, at approximately 3:00 – 4:00 p.m. Plaintiff was a Defendant's store located at 2189 75th Street; Darien, Illinois 60561 commonly known as the Wal-Mart Super Center and/or Store #2215 ("Premises").

8. At all times alleged herein Defendant owned and controlled the premises. Likewise, at all times alleged herein Defendant had the right to control the premises in question.

9. As a corporation, Defendant, acts through its officers, agents, servants, and/or employees. Any acts or omissions of an officer, agent, servant, partner, and/or employee, made while acting in the scope of authority delegated by Defendant, or within the scope of the duties of said employee, is the act or omission of Defendant.

10. On or about November 26, 2019, and at all times alleged herein Plaintiff was lawfully on premises, owned, operated, and in the sole custody and control of Defendant, as a customer of Defendant.

11. On November 26, 2019, Plaintiff was walking from the pharmacy to the check-out when she encountered a pallet of merchandise on the floor of said premises without any barricading and/or warnings.

12. Said pallet had merchandise and/or plastic which caught Plaintiff's foot causing her to fall and suffer injuries and damages as more fully set forth herein.

13. Defendant knew, or employing due care should have known, of the dangerous condition that said pallet created.

14. Defendant failed to establish, implement, and execute appropriate corporate safety rules, policies, and/or procedures for the inspection for and removal of dangerous conditions on its premises including the removal and/or non-placement of the pallet alleged herein and failed to warn of such dangerous conditions, or warning innocent customers of dangerous conditions on Premises.

15. That on the date alleged above, Defendant was negligence, careless, and breached their duty to the general public and to Plaintiff as states herein and in the following respects:

    (a) Failed to ensure that the floor of the premises was free of slip and fall hazards to customers;

    (b) Failed to ensure that a warning and/or barricade was placed at of near the pallet to warn the customers such as Plaintiff of the hazardous condition;

    (c) Failed to follow company policies, procedures, and rules relating to placing a pallet of merchandise on the floor and exposing customers;

    (d) Failed to properly unload said pallet so that it caused a dangerous condition;

    (e) Failed to inspect the premises location in which the pallet was placed;

    (f) Improperly placed the pallet on the premises floor; and

    (g) Failed to warn Plaintiff of the hazardous associated with said pallet.

16. As such, Defendant was thereby negligent.

17. Defendant was further negligent in the hiring, supervision, training, and retention of individuals or employees responsible for the inspection for, removal of, prevention of, or warning of dangerous conditions on Premises.

18. Defendant was negligent and careless and breached its duty of care to its customers, including Plaintiff, and are therefore liable for the damages from Plaintiff's incident as set forth herein.

19. As a direct and proximate result of the negligence of Defendant as alleged herein, Plaintiff suffered serious injuries to her left shoulder and right knee and the muscles, ligaments, and tendons attached thereto.

20. As a direct and proximate result of the injuries alleged herein Plaintiff was forced to undergo surgical procedures to both here left shoulder and right knee.

21. As a direct and proximate result of the aforesaid negligence of Defendant, Plaintiff has suffered permanent, painful and disabling injury to her left shoulder and right knee and will continue to suffer painful and disabling injuries in the future.

22. As a direct and proximate result of the aforesaid negligence of Defendant, Plaintiff has incurred past medical expenses.

23. As a direct and proximate result of the aforesaid negligence of Defendant, Plaintiff will incur medical expenses in the future.

24. As a direct and proximate result of the aforesaid negligence of Defendant, Plaintiff's activities have been limited and she has lost enjoyment of a normal life, suffered physical pain and suffering, mental anguish, and will continue to suffer from same in the future.

WHEREFORE, Plaintiff prays for judgment against Defendant in an amount of actual damages which are fair and reasonable under the circumstances and in excess of $75,000.00, cost of suit, pre-judgment and post judgment interest, and for any other further relief this Court deems just and proper under the circumstances.

**Respectfully Submitted,**

**THE CAGLE LAW FIRM**

By : **/s/ Zane T. Cagle**
**Zane T. Cagle, IL #6281680, FED# 499604**
500 North Broadway, Suite 1605
Saint Louis, Missouri 63102
Phone: (314) 241-1700
Fax: (314) 241-1738
E-Mail: zane@caglellc.com
*Attorneys for Plaintiff*